```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOREEN LUDWIG, et al.           :    CIVIL ACTION
                                :
          v.                    :
                                :
BERKS COUNTY, PENNSYLVANIA,     :
et al.                          :    NO. 07-2127
```

MEMORANDUM AND ORDER

McLaughlin, J.                                      August 28, 2007

       Doreen Ludwig, pro se on behalf of herself and her two children, has asserted a variety of federal and state claims against ten defendants arising from custody and divorce proceedings against her husband.

       The defendants are governmental entities, judges, and various professionals involved in the divorce and custody proceedings.  The defendants have moved to dismiss the complaint, and the Court will grant the motions.  Some of the claims are barred by the Rooker-Feldman doctrine.  To the extent that doctrine does not bar certain claims, the defendants are entitled to various forms of immunity.

I.    Background

       Ludwig filed a complaint in divorce against her husband, Chester Stepien, in the Court of Common Pleas of Berks

County on November 12, 2004.  In August 2006, The Honorable Scott D. Keller issued temporary custody orders, awarding custody of Ludwig's children to their father.  Ludwig appealed the interlocutory orders to both the Pennsylvania Superior Court and the Pennsylvania Supreme Court.  The Superior Court dismissed the appeal on July 2, 2007.  The Supreme Court dismissed the appeal on June 5, 2007.

The defendants are:  Berks County, Pennsylvania, the county in which the custody proceedings took place; Berks County Court of Common Pleas, the court in which the custody proceedings took place; The Honorable Arthur Grimm, who adopted local rules requiring conciliation conferences in custody matters; The Honorable Scott D. Keller, who presided over the custody and divorce proceedings; Mark Baldwin, the District Attorney for Berks County, who declined to investigate Ludwig's allegations against Family Court and to prosecute private civil complaints filed by Ludwig against the defendants; Dr. Timothy Ring, who was appointed by the court to complete custody evaluations for the proceedings; Dr. Larry Rotenberg, who performed a psychiatric evaluation on the plaintiff at the request of Judge Keller in connection with the custody proceedings; Kenneth Meyers, who was appointed by the court to serve as Divorce and Custody Master in the proceedings; Pamela Ullman, who was appointed by the court to

serve as a Divorce and Custody Master in the proceedings; and Jacqueline Mark, the private attorney representing the plaintiff's husband in the divorce and custody proceedings.

Ludwig has asserted seven counts against the defendants: (1) violations of due process under the Fifth and Fourteenth Amendments; (2) violations of the Americans with Disabilities Act; (3) three counts under 42 U.S.C. §§ 1983 and 1985; (4) libel, slander and defamation of character; and (5) negligent infliction of emotional distress.

Ludwig claims that the violation of her civil rights "stems from Berks County's Court of Common Pleas adherence to and influence from Patriarchal Father's Rights groups such as AFCC." Complaint ¶9.  She seeks approximately eighteen forms of relief, among other things, $50,000,000, an audit of Berks County's custody records, a change in the decision making in custody cases, an investigation of the District Attorney's Office of Berks County, the elimination of certain local rules of the Court of Common Pleas of Berks County, the creation of a non-profit institution headed by the plaintiff to monitor court ethics, and the creation of a commission by the Supreme Court of Pennsylvania to study custody standards.

II. <u>Discussion</u>

All defendants have moved to dismiss on the ground that the complaint fails to state a claim against them.[1]  Several defendants also argue that the Court does not have subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine.  The Court concludes that the <u>Rooker-Feldman</u> doctrine bars some, but not all, of the claims.  The Court also concludes that the complaint does not state a claim against any of these defendants.

A. <u>Rooker-Feldman</u>

The <u>Rooker-Feldman</u> doctrine bars a party who loses in state court from litigating in federal court a claim that the state court judgment itself violates the loser's constitutional rights.  <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 287 (2005).  A state court loser cannot file a <u>de facto</u> appeal in federal court.  <u>Lance v. Dennis</u>, 126 S.Ct. 1198, 1201 (2006).  A case is a functional equivalent of an appeal if the federal claim was "actually litigated" before the state court, or if the federal claim is "inextricably intertwined" with the state

---

[1] Defendants Berks County, Larry Rotenberg, Mark Baldwin, Jacqueline Mark, and Timothy Ring have moved, in the alternative, to dismiss the complaint for insufficiency of service of process. Because the Court concludes that the complaint fails to state a claim against them or is barred by the <u>Rooker-Feldman</u> doctrine, the Court has not considered the service of process arguments.

court adjudication.  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).

Rooker-Feldman divests a federal court of jurisdiction where it is asked to redress injuries caused by an unfavorable state court judgment.  Id.  Where the plaintiff's injuries were not caused by the state court judgment but were merely unredressed by it, Rooker-Feldman is inapplicable.  Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006).

Most of the claims and the requests for relief that relate directly to the plaintiff invite the Court to review the state court judgments arising out of the divorce and custody proceedings.  In particular, the claims against Judge Keller; court-appointed physicians Dr. Ring and Dr. Rottenberg; custody masters Meyers and Ullman; and, Mr. Stepien's attorney, Ms. Mark, all appear to seek damages arising from the adverse custody ruling.  This review of a state court judgment is barred by the Rooker-Feldman doctrine.

The claims against the District Attorney and President Judge Grimm do not appear to implicate Rooker-Feldman.  Nor do some requests for relief that seek orders against, among others, Berks County, the District Attorney's Office, and the Supreme Court of Pennsylvania to change the way each handles criminal and

divorce/custody matters.  The Court, therefore, will also consider the defendants' arguments that the complaint does not state a claim.

      B.    <u>Failure to State a Claim</u>

All the defendants have the benefit of some form of immunity for their alleged conduct.  The Court will discuss each defendant individually.

      1.    <u>Berks County Court of Common Pleas</u>

Claims against the Court of Common Pleas of Berks County will be dismissed because it is immune from suit under the Eleventh Amendment and because it is not a "person" subject to liability under 42 U.S.C. § 1983.

The Eleventh Amendment to the United States Constitution immunizes states from being sued in federal court by their own citizens or by citizens of another state, absent consent to be sued.  Congress can abrogate Eleventh Amendment immunity if it does so unequivocally and pursuant to a valid grant of constitutional authority, but Congress did not abrogate Eleventh Amendment immunity in enacting 42 U.S.C. § 1983.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989).  For Eleventh Amendment purposes, the Berks County Court of Common

Pleas is considered an arm of the state.  Under the Pennsylvania Constitution, all Pennsylvania courts are part of a "unified judicial system" under the general supervisory and administrative authority of the Pennsylvania Supreme Court.  Pa. Const. art. V, §§ 1, 2, 10.  The Berks County Court of Common Pleas is, therefore, part of state government, not local government, and is protected by Eleventh Amendment immunity.  <u>Benn v. First Judicial Dist. of Pa.</u>, 426 F.3d 233, 240 (3d Cir. 2005).

Ludwig's claims against the Berks County Court of Common Pleas must also be dismissed because the court is not a "person" subject to liability under 43 U.S.C. § 1983.  Section 1983 imposes liability upon "[e]very person" who, under color of law, deprives someone of a right, privilege, or immunity secured by the Constitution or other laws.  States and divisions of state government are not "persons" for purposes of § 1983 liability.  <u>Will</u>, 491 U.S. at 64.  Because of Pennsylvania's unitary court system, Pennsylvania courts, including the Berks County Court of Common Pleas, are considered state entities and are therefore not "persons" subject to suit under § 1983.  <u>Callahan v. City of Philadelphia</u>, 207 F.3d 668, 670 (3d Cir. 2000).

### 2. The Honorable Scott D. Keller

The complaint does not state whether Ludwig is suing Judge Keller in his personal or individual capacity. The Court will assume the plaintiff intends to sue Judge Keller in both capacities.

Claims against Judge Keller in his official capacity must be dismissed for the same reasons that require dismissal of claims against the Berks County Court of Common Pleas. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will, 491 U.S. at 71. Because the Berks County Court of Common Pleas is an arm of the state, claims against Judge Keller in his official capacity are claims against the state and are therefore barred by the Eleventh Amendment and by the definition of a "person" in 42 U.S.C. § 1983. Benn, 426 F.3d at 240; Callahan, 207 F.3d at 670.

Claims against Judge Keller in his personal capacity are not considered claims against the state and are not affected by the Eleventh Amendment or excluded by the definition of a "person" under § 1983. These claims, however, may be barred by judicial immunity. Judicial immunity does not apply to

injunctive claims, but the complaint does not seek injunctive relief against Judge Keller.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity will apply even if a judge's action "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (internal quotation omitted). Here, Judge Keller acted within the scope of his jurisdiction. Judge Keller's actions are therefore covered by judicial immunity and the plaintiffs' damage claims against him are barred.

3. The Honorable Arthur Grimm

President Judge Grimm is alleged to have promulgated certain local court rules for the Berks County Court of Common Pleas, which the plaintiff alleges violate Pennsylvania laws against domestic abuse. President Judge Grimm is entitled to legislative immunity for the promulgation of those rules.

Judges sometimes perform legislative acts and are in turn entitled to legislative immunity for those acts. In order to determine whether legislative immunity applies, the focus must

lie "on the nature of the official's action rather than the official's motives." Gallas v. Supreme Court of Pa., 211 F.3d 760, 773 (3d Cir. 2000).

In Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719, 734 (1980), the United States Supreme Court held that the Virginia Supreme Court was entitled to legislative immunity when using its rulemaking authority. The United States Court of Appeals for the Third Circuit relied on Consumers Union when it held that the Pennsylvania Supreme Court was entitled to legislative immunity when using its rulemaking authority to overhaul the First Judicial District's administrative structure. Gallas, 211 F.3d at 775. Legislative immunity provides a complete defense to claims for damages as well as injunctive and declaratory relief; Consumers Union, 446 U.S. at 730-34 (holding legislative immunity barred claims for injunctive and declaratory relief); Gallas, 211 F.3d at 776-77.

An act must be "substantively" and "procedurally" legislative in order for it to be subject to legislative immunity. Id. at 774 (quoting Ryan v. Burlington County, 889 F.2d 1286, 1290-91 (3d Cir. 1989)). For it to be "substantively" legislative, it must involve policy-making decisions. Id. In Ryan, the court noted that to act legislatively ordinarily means to engage in "line-drawing" of a "general scope," whereas

decisions that affect "only a small number or a single individual" are ordinarily administrative, not legislative.  Ryan at 1290-91.  In Gallas, the court determined that an act was "substantively" legislative because the order involved was issued pursuant to the Pennsylvania Supreme Court's rule-making authority under the Pennsylvania Constitution.  Gallas, 211 F.3d at 774.  An act is "procedurally" legislative if it is "passed by means of established legislative procedures."  Id. (quoting Ryan, 889 F.2d at 1290-91).  The Gallas court found the rule-making process, as described by justices of the Pennsylvania Supreme Court, was procedural in nature.  Id. at 776.

Under Article V, § 10(c) of the Pennsylvania Constitution, the Supreme Court has the "power to prescribe general rules governing practice, procedure and the conduct of all courts...." Pursuant to this authority, the Pennsylvania Supreme Court prescribed Pa. R. Civ. P. 239, which allows each county to create local rules as long as the rules are consistent with the Pennsylvania Rules of Civil Procedure.  Creating these rules at both the state and local level is a legislative function of the courts and their judges.

President Judge Grimm, therefore, is entitled to legislative immunity for his part in the adoption of the local rules.

      4.   <u>Dr. Rotenberg</u>

Dr. Rotenberg was appointed by Judge Keller to perform psychiatric evaluations of the plaintiff to determine whether the plaintiff was incapacitated pursuant to Pa. R. Civ. P. 2051 <u>et seq.</u>  The plaintiff's complaint seeks monetary damages for his conduct but does not seek injunctive relief.

In <u>Hughes v. Long</u>, 242 F.3d 121 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit held that individuals enjoy judicial immunity when they "[act] as 'arms of the court,' similar to a guardian ad litem or a court-appointed doctor or psychologist, a non-judicial person who fulfills a quasi-judicial role at the court's request."  <u>Id.</u> at 126; <u>see also</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976) (holding that activities that are "intimately associated with the judicial . . . process" receive absolute immunity).  Similarly, in <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983), the Supreme Court held that witnesses are immune from civil damages based on their testimony.  <u>Id.</u> at 341 at n.26, 345-46.

These three cases apply to Dr. Rotenberg.  He is a court-appointed evaluator and is, therefore, granted absolute judicial immunity pursuant to <u>Hughes</u> and <u>Imbler</u>.  His testimony in court is also subject to witness immunity under <u>Briscoe</u>.

12

Immunity applies to §§ 1983 and 1985 claims under Hughes, 242 F.3d at 128; due process claims under McArdle v. Tronetti, 961 F.2d 1083 (3d Cir. 1992); and state claims under Clodgo v. Bowman, 601 A.2d 342, 345 (Pa. Super. Ct. 1992).

### 5. Dr. Ring

Dr. Ring was appointed by Berks County Court to conduct custody evaluations of Ludwig, Mr. Stepian, and their children. As with Dr. Rottenberg, the plaintiff's complaint seeks damages not injunctive relief. Dr. Ring was acting in a quasi-judicial capacity as an "arm of the court." He falls directly under Hughes, which explicitly holds that custody evaluators enjoy judicial immunity from federal civil rights liability when fulfilling a quasi-judicial role and also are immune from supplemental state claims under Pennsylvania law. 242 F.3d at 126-27, 128-29.

### 6. Kenneth Meyers and Pamela Ullman

Both Kenneth Meyers and Pamela Ullman served as Divorce and Custody Masters in the plaintiff's custody proceedings. The claims against them seek damages, not injunctive relief. In Hughes, immunity is extended to court-appointed individuals such as Meyers and Ullman. 242 F.3d at 127. Although the plaintiff

13

has alleged numerous claims of conspiracy, fraud, and falsification of documents, they are all within the scope of her custody proceedings and, hence, within the quasi-judicial function of these court-appointed individuals.

### 7. Mark Baldwin

Mark Baldwin was the District Attorney of Berks County. He is alleged to have declined to investigate allegations of misconduct made by Ludwig against many of the other defendants and to prosecute private criminal complaints filed by Ludwig against all defendants. Baldwin is entitled to absolute prosecutorial immunity.

Prosecutors have absolute immunity from civil suits for damages under § 1983 for initiating and presenting a criminal case. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993). Absolute prosecutorial immunity is extended to all actions performed by a prosecutor in a quasi-judicial role. Imbler, 424 U.S. at 420. This immunity extends to all actions "taken while in court" and to out-of-court behavior "intimately associated with the judicial phases of litigation." Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (internal quotations omitted); see also Quintal v. Volk, Civ. A. No. 00-122, 2000 WL 1367948, at *2 (E.D. Pa. Sept. 21, 2000).

Absolute immunity extends to a prosecutor's investigatory acts to the extent that obtaining information is needed to determine whether or not to begin prosecution. Quintal, 2000 WL 1367948, at *2 (quoting Forsyth v. Kleindienst, 599 F.2d 1203, 1215 (3d Cir. 1979)). The decision to initiate a prosecution is at the core of a prosecutor's judicial role[, and a] prosecutor is absolutely immune" when deciding to initiate prosecution even when the prosecutor acts "without a good faith belief that any wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-69; see also Imbler, 424 U.S. at 430-31; Rose v. Bartle, 871 F.2d 331, 343-44 (3d Cir. 1989).

These principles of absolute immunity mandate dismissal of all claims against Baldwin.

### 8.   Jacqueline Mark

Jacqueline Mark represented the plaintiff's husband in the divorce and custody proceedings. The plaintiff claims that she falsified evidence, committed perjury, tampered with evidence, and failed to serve Ludwig with court documents during her representation of Chester Stepien, the plaintiff's husband.

The constitutional claims against Mark will be dismissed because she was not a state actor. Nor was she acting under color of law for the purpose of 42 U.S.C. § 1983.

As to the state law claims, Mark is entitled to absolute immunity on the state law claims. The Pennsylvania Supreme Court has recognized that "[w]hen alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them." Serchia v. MacMillan, 1997 WL 127984, at *2 (E.D. Pa. Mar. 20, 1997) (citing Greenberg v. Aetna Ins. Co., 235 A.2d 576, 577 (Pa. 1967)). "The privilege is an absolute privilege. Thus, there is no liability even though the statement is alleged to have been made falsely and maliciously, and without any reasonable or probable cause." Id. at n.5 (citing Post v. Mendel, 507 A.2d 351, 354 (Pa. 1986)) (other citations and internal quotations omitted).

The Pennsylvania Supreme Court has extended the attorney immunity privilege "to include all tort actions based on statements made during judicial proceedings . . . Regardless of the tort complained of in the complaint, if the communication was made in connection with a judicial proceeding and was material and relevant to it, the privilege applies." Serchia, 1997 WL 127984, at *3. "Further, the privilege is not limited to communications which are actually made in court." Id.

       9.   <u>Berks County</u>

The plaintiff appears to confuse Berks County with the Court of Common Pleas of Berks County throughout her complaint. She does explicitly state, however, that Berks County should be held "financially responsible for the financial restitution suffered by plaintiffs as fiscal operator of the Court of Common Pleas of Berks County and District Attorney's Office." Complaint ¶ 146. Because the Court has determined that the complaint fails to state a claim against either the Court of Common Pleas of Berks County or the District Attorney, the Court will also dismiss the complaint against Berks County. With those defendants dismissed, there is no liability to impute to Berks County.

An appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DOREEN LUDWIG, et al.           :    CIVIL ACTION
                                :
          v.                    :
                                :
BERKS COUNTY, PENNSYLVANIA;     :
BERKS COUNTY, PENNSYLVANIA      :
COURT OF COMMON PLEAS;          :
PRESIDENT JUDGE ARTHUR GRIMM;   :
JUDGE SCOTT D. KELLER;          :
DISTRICT ATTORNEY MARK          :
BALDWIN; DR. TIMOTHY RING;      :
DR. LARRY ROTENBERG; KENNETH    :
MEYERS, ESQUIRE; PAMELA         :
ULLMAN, ESQUIRE; JACQUELINE     :
MARK, ESQUIRE                   :    NO. 07-2127
```

ORDER

AND NOW, this 28th day of August, 2007, upon consideration of the motions to dismiss of defendants Larry Rotenberg (Docket No. 13); Kenneth Meyers, Pamela Ullman, Berks County, Pennsylvania Court of Common Pleas, The Honorable Arthur Grimm, and The Honorable Scott D. Keller (Docket No. 20); Berks County, Pennsylvania and Mark Baldwin (Docket No. 22); Jacqueline Mark (Docket No. 23); and Timothy Ring (Docket No. 34); and the plaintiffs' opposition thereto, IT IS HEREBY ORDERED that said

motions are GRANTED for the reasons stated in the accompanying memorandum.  This case is dismissed against all defendants.  The case is closed.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.